**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **NATALIE HEATH** | § | |
| | § | |
| **v.** | § | **1:20-cv-0391-RP** |
| | § | |
| **L.L.C., INC. d/b/a PERFECT 10** | § | |
| **MEN'S CLUB, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion to Dismiss and/or Strike Plaintiff's Claims for Class or Collective Action (Dkt. No. 10); Plaintiff's Motion to Dismiss Defendants' Counterclaims and Motion to Strike (Dkt. No. 14); Defendants' First Amended Motion to Dismiss and/or Strike Plaintiff's Claims for Class or Collective Action (Dkt. No. 16); Plaintiff's Motion to Dismiss Defendants' Counterclaims and Motion to Strike (Dkt. No. 20); and all associated responses and replies. The District Court referred the motions to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I.  BACKGROUND

Plaintiff Natalie Heath brings this collective action seeking relief under the Fair Labor Standards Act. Dkt. No. 1. She asserts that Defendants L.L.C., Inc. d/b/a Perfect 10 Men's Club, the Club's owners/officers, and the club managers, misclassified her and other exotic dancers as independent contractors in order to avoid wage, tax, and other obligations owed employees. *Id.*

In their initial motion to dismiss Heath's class claims, Defendants assert that she entered into two contracts in which she waived her right to bring or participate in any collective actions, or to act as the representative of any class or other individual. *See* Dkt. Nos. 10-1 and 10-2. Defendants assert that contractual class action waivers are enforceable, and Heath's collective or class action claims should be dismissed. On the same date, Defendants also filed their Answer and Counterclaim, alleging that Heath breached the contracts by filing a purported collective action. Dkt. No. 12.[1] When Heath moved to dismiss the counterclaim and strike the affirmative defenses, Defendants filed an Amended Answer and Counterclaim (Dkt. No. 17) and an Amended Motion to Dismiss and/or Strike Plaintiff's Claims for Class or Collective Action (Dkt. No. 16). In the Amended Motion to Dismiss or Strike, Defendants repeat the arguments of their original motion and add that because Heath's claims are subject to an arbitration agreement, that too deprives the Court of subject-matter jurisdiction. Dkt. No. 16 at 2 ¶ 5.[2] Additionally, Defendants argue that Heath does not have standing to act as class representative or to seek class certification because she waived those rights and that capacity.

For her part, Heath moves to dismiss the Defendants' counterclaim and strike their affirmative defenses. Dkt. Nos. 14 & 20. She argues that Defendants' breach of contract counterclaim should not be brought in the context of her FLSA action. Heath argues that Defendants'

---

[1]Heath objects that the Amended Answer and Counterclaim required leave of court. She is incorrect. Because the amended pleading was filed within 21 days of Heath's Rule 12 motion to dismiss the counterclaim, no leave of court was required. FED. R. CIV. P. 15(a)(1)(B).

[2]Oddly, though Defendants note the arbitration agreement in the motion to dismiss, they have not moved to compel arbitration as contemplated by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

affirmative defenses should be stricken for the same reasons—that these defenses cannot be brought in the context of an FLSA action.

## II.  STANDARDS OF REVIEW

### A.    Rule 12(b)(1) Standard of Review

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge the subject matter jurisdiction of the district court.  FED. R. CIV. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).  A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction tests the court's statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161.  As the parties all acknowledge, in ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.  *Den Norske Stats Oljeselskap As v. HeereMac VOF*, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002).  When a Rule 12(b)(1) motion is filed with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing the 12(b)(6) motion. *Ramming*, 281 F.3d at 161.

### B.    Rule 12(b)(6) Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted.  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191,

205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. ANALYSIS

**A.    Defendants' Motion to Dismiss or Strike Heath's Class or Collective Claims**

Defendants have filed both a motion to dismiss and an amended motion to dismiss. Ordinarily, and as the rules provide, an amended pleading supersedes the original.  But it is plain from reviewing the Defendants' Amended Motion to Dismiss that it is not intended to supercede the original, but instead is effectively a reply to arguments raised in the Plaintiff's response, and supplements the Defendants' arguments in favor of dismissing or striking the class claims.  The Plaintiff has replied to those arguments in her response to the amended motion.  Given this, the Court will address both motions to dismiss together.

Defendants base their motion to dismiss Heath's collective or class claims on provisions in two contracts.  The first is contained in an Independent Contractor/Entertainer Agreement:

> C. ENTERTAINER OR EMPLOYEE AGREES THAT ALL CLAIMS BETWEEN HIM/HER AND THE CLUB (AND ANY OTHER PERSONS OR ENTITIES ASSOCIATED WITH THE CLUB) WILL BE LITIGATED INDIVIDUALLY;

> THAT HE/SHE WILL NOT CONSOLIDATE HER CLAIMS WITH THE CLAIMS OF ANY OTHER INDIVIDUAL; THAT THEY WILL NOT SEEK CLASS OR COLLECTIVE ACTION TREATMENT FOR ANY CLAIM THAT HE/SHE MAY HAVE; AND THAT HE/SHE WILL NOT PARTICIPATE IN ANY CLASS OR COLLECTIVE ACTION AGAINST THE CLUB OR AGAINST ANY PERSONS OR ENTITIES ASSOCIATED WITH THE CLUB…

Dkt. No. 10-1.  The second is in a License and Access Agreement, which states in part:

> 15.1 LICENSEE AGREES THAT SHE WILL NOT PROSECUTE OR PARTICIPATE IN A CLASS OR COLLECTIVE ACTION AGAINST LICENSOR CLUB, OR IN THE CAPACITY OF A CLASS REPRESENTATIVE IN ANY ACTION OR LAWSUIT AGAINST LICENSOR CLUB.

> 15.2 THE PARTIES AGREE THAT ARBITRATION SHALL BE UNDERTAKEN AND ADMINISTERED SOLELY ON AN INDIVIDUAL BASIS WITHOUT THE RIGHT FOR ANY COVERED DISPUTES, CLAIMS AND CONTROVERSIES TO BE ARBITRATED ON A COLLECTIVE OR CLASS ACTION BASIS OR ON BASES INVOLVING CLAIMS BROUGHT IN A PURPORTED REPRESENTATIVE CAPACITY ON BEHALF OF OTHERS. THE ARBITRATOR'S AUTHORITY TO RESOLVE AND MAKE WRITTEN AWARDS IS LIMITED TO CLAIMS BETWEEN THE LICENSEE AND THE LICENSOR CLUB ALONE . . . .

Dkt. No. 10-2.

In her response to the initial motion, Heath argued that she has stated a claim for an FLSA cause of action pursuant to Rule 8, and that her claim for collective or class action should not be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. Dkt. No. 13 at 3. She asserts that the Defendants' argument that she is bound by a contract asks the Court to consider issues outside her complaint, something that is not permitted at the motion to dismiss stage, and should instead only be considered in a motion for summary judgment. *Id.* at 4.  Additionally, Heath asserts that Defendants do not meet the Rule 12(f) standard allowing the Court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Alternatively, she requests that she be given leave to file an additional response or amend her complaint.

5

In their First Amended Motion (Dkt. No. 16), Defendants reply to this argument, contending that Heath lacks standing to bring a collective or class action claim, and thus the Court lacks jurisdiction over this component of her claims. *Id.* at 3-4. In response, Heath acknowledges that the Court may consider materials outside the pleadings in considering a motion to dismiss for lack of jurisdiction, but argues that because she has adequately stated her own FLSA claim, the Court has subject matter jurisdiction over this case. Dkt. No. 22 at 6. She notes that she did not address the contractual provisions previously because she "had no reason to argue or dispute the validity of materials not properly before the Court for determination . . . . If Defendants ever attempt to enforce any of the terms of the alleged agreements, plaintiff will vigorously dispute the terms of such." *Id.* at 7.  In brief, the Plaintiff's and Defendants' arguments are like ships passing in the night.

Here, Defendants rely on the language of two contracts to argue that Heath waived her right to serve as a representative party in a class or collective action, and that the Court therefore does not have jurisdiction over that portion of her suit.  Similar contracts have been upheld by both the Fifth Circuit and the Supreme Court. *Epic Sys. Corp. v. Lewis*, —— U.S. ——, 138 S.Ct.  1612, 1622 (2018) (waivers within employment contracts are valid and enforceable); *Convergys Corp. v. NLRB*, 866 F.3d 635 (5th Cir. 2017) (reaffirming that Section 7 of the NLRA is a procedural right and does not guarantee a right to participate in class or collective actions); *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344 (5th Cir. 2013) (holding that an arbitration agreement that prohibited an employee from pursuing claims collectively did not violate the NLRA and must be enforced).

Heath's response to this has been to argue that the Court plainly has jurisdiction over her *individual* FLSA claim, that she clearly has standing to bring that claim, and that the Defendants have used the wrong procedural vehicle to challenge her right to seek certification of this case as a

6

class or collective action.  Though she never explicitly states it, she appears to believe that the correct or only time for this issue to be resolved would be if and when she seeks certification of the case as a class or collective action.  Based on this view, Heath has not submitted any evidence to challenge the validity of the contracts, despite stating that she intends to "vigorously dispute" their enforceabilty.  Dkt. No. 22 at 7.  But the Defendants are not seeking the dismissal of Heath's individual FLSA claim, only her class allegations. The Court disagrees with Heath's view of the pleadings, as the Defendants have in fact asked the Court to determine this issue and have done so in a procedurally permissible manner.  Notably, Heath fails to provide any authority for her view that the Court cannot decide this issue through a Rule 12(b)(1) motion.

Having said this, the Court is reluctant to dismiss the class claims without giving Heath an opportunity to present her arguments and evidence on this issue.  Accordingly, the Court will recommend that the motion and amended motion to dismiss or strike be **DENIED** and that Heath be ordered to file an amended complaint setting forth the facts she contends support her argument that she is not contractually prohibited from seeking to have her case certified as a class or collective action.  If thereafter Defendants believe those allegations are insufficient to render the contracts unenforceable, they may file a new motion to dismiss raising the issue, and the Court will decide it on whatever facts Heath and Defendants present at that time.

**B.    Heath's Motion to Dismiss or Strike Defendants' Counterclaims**

Just as the Defendants filed two motions to dismiss Heath's class claims, Heath has filed dual motions seeking to dismiss or strike the Defendants' Counterclaims. Dkt. Nos. 14 and 20.  Her first motion was filed after Defendants filed their "Original Answer and Counterclaim (Subject to Defendants' Motion to Dismiss And/or Strike Plaintiff's Claims for Class or Collective Action)"

7

(Dkt. No. 12).  Defendants filed that answer in conjunction with, and on the same day as, their motion to dismiss.  Heath thereafter filed her initial motion seeking to dismiss the counterclaims (Dkt. No. 14), arguing that those claims do not relate to her wage and hour suit, and should be disallowed under long standing FLSA precedents.  A week later, the Defendants filed three pleadings: a response to Heath's motion to dismiss or strike the counterclaims, an Amended Answer and Counterclaim, and an Amended Motion to Dismiss the class claims (addressed in the previous section).  The Defendants' filing of the Amended Answer and Counterclaim then led Heath to file a new motion asking to strike or dismiss the counterclaims.[3]  Because both of Heath's motions address the same issue, the Court will address them together.

In the sole affirmative claim contained in the Amended Answer and Counterclaim, Defendant Perfect 10 sues Heath for breach of contract for filing this lawsuit as a potential collective action, and for claiming in her suit that she was an employee of the Defendant, and not an independent contractor.  It requests nominal damages and asks to be awarded its attorney's fees. Dkt. No. 17 at 20 ¶¶ 158-162.  Counterclaims are often not allowed in FLSA cases because, "[g]enerally speaking, courts have been hesitant to permit an employer to file counterclaims . . . for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740–41 (5th Cir. 2010). Courts in this district have held that counterclaims in FLSA cases are only permissive when "different evidence is needed to

---

[3]The Defendants' superfluous filings have caused unnecessary confusion.  Further, Defendants did not set out anywhere what they altered with their Amended Answer and Counterclaim, thereby requiring the Court to make a paragraph-by-paragraph comparison of the two nearly identical documents.  It turns out that the only differences are minor changes to or deletions of affirmative defenses, and the deletion of two paragraphs from the counterclaim, which had alleged: (1) an entitlement to disgorgement and restitution; and (2) that Heath's actions constituted fraud and fraudulent inducement.  The breach of contract allegations remain the same.

prove the claims" and their "only nexus [to the FLSA claims] is the employment relationship" between the parties. *Poole v. Dhiru Hosp., LLC*, 2019 WL 3845454, at *9 (W.D. Tex. Aug. 15, 2019) (collecting cases); *Hill v. Bedrock Funding LLC*, 2020 WL 7296508, at *5 (W.D. Tex. Dec. 10, 2020). District courts across the Fifth Circuit "routinely dismiss counterclaims that do not directly relate to Plaintiffs' wage claims, such as by challenging the amount of overtime hours worked or wages due." *Poole*, 2019 WL 3845454, at *10; *but see Cordero v. Voltaire, LLC*, 2013 WL 6415667, at *3 (W.D. Tex. Dec. 6, 2013) (permitting a counterclaim alleging that an FLSA plaintiff submitted fraudulent time sheets).

The breach of contract counterclaim here is not one that is permissible in an FLSA suit. "Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA." *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), rev'd on other grounds, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). The counterclaim has nothing to do with the actual wages paid. Indeed, it appears that the counterclaim is a duplicative means of raising the very same argument addressed in the first section of this Report and Recommendation—may Heath bring this case as a collective action—and is a vehicle through which Perfect 10 seeks to recover some attorney's fees. The counterclaim is not compulsory, does not relate to Heath's wage claim, and should therefore be dismissed without prejudice.

## C.    Heath's Motion to Strike Affirmative Defenses

Heath also requests the Court to strike Defendants' affirmative defenses. Federal Rule of Civil Procedure 8(b)(1) provides that "a party must . . . state in short and plain terms its defenses to each claim asserted against it," and Rule 8(c)(1) says "a party must affirmatively state any avoidance

or affirmative defense." A party may, under Rule 12(f), move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In the Fifth Circuit, a defendant is required to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (emphasis added). Thus, "an affirmative defense's sufficiency under Rule 12(f) generally relates to legal sufficiency and not whether the defense was pleaded with sufficient factual detail." *Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 150 (S.D. Miss. 2018) (citing *U.S. ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 419 (S.D. Tex. 2014)). Striking a defense pursuant to Rule 12(f) is extremely rare and is warranted only when the defense "cannot, as a matter of law, succeed under any circumstance." *Id.* at 152 (*citing United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013)).

Defendants assert a number of affirmative defenses: fraud or fraudulent inducement, mistake, waiver, estoppel, unclean hands, limitations, ratification, payment, failure to mitigate, repudiation, the dispute is subject to arbitration, and a restatement of the arguments raised in the prior section (that Heath is contractually barred from pursuing the claims in a collective action). Heath argues that any defenses related to the employment contract, including the arbitration clause and the waiver of class claims, do not relate to her status as an "employee" pursuant to the FLSA and therefore should be stricken. The Court disagrees. Though it is too early to know if Defendants can prove the factual predicate of any of these defenses, they are sufficiently stated to survive a Rule 12(f) motion to strike.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants' Motion and Amended Motion to Dismiss and/or Strike (Dkt. Nos. 10 and 16) **WITHOUT PREJUDICE** to being re-urged after Heath amends her complaint, and **FURTHER RECOMMENDS** that the District Court order Heath to file an amended complaint by a date certain, setting forth the facts she contends support her argument that she is not contractually prohibited from bringing this case as a class or collective action.

The Court **FURTHER RECOMMENDS** that Plaintiff's Motions to Dismiss Defendants' Counterclaims and Motions to Strike (Dkt. Nos. 14 and 20) be **GRANTED IN PART** and **DENIED IN PART.** Specifically, the undersigned **RECOMMENDS** that the request to dismiss the counterclaim be **GRANTED** and the counterclaim be **DISMISSED WITHOUT PREJUDICE**; and the request to strike the Defendants' affirmative defenses be **DENIED**.

The Clerk is directed to remove this case from the docket of the undersigned and return it to the docket of the Honorable Robert Pitman.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except

upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 1ˢᵗ day of February, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE